**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BOBBY LEE BOLT,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES PAROLE COMMISSION,<br><br>    Respondent. | No. CIV 10-180-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Petition for Writ of Mandamus. Respondent has filed a Response.

*Factual and Procedural Background*

On February 7, 2002, Petitioner Bobby Lee Bolt ("Bolt") was sentenced by the United States District Court for the District of Arizona to serve 37 months for a violation of 21 U.S.C. § 846, conspiracy to possess a controlled substance, followed by three years' supervised release. On November 19, 2004, Bolt was released from federal custody.

On June 25, 2007, and July 27, 2007, Bolt was arrested in Florida. Bolt was subsequently convicted of drug and assault charges and sentenced to 24.15 months for assaulting a law enforcement officer (the June 25 incident), 600 days for another assault upon a law enforcement officer (the July 27 incident), and 5 years for delivering cocaine.

An individual with the U.S. Marshal's Office of the Southern District of Florida informed Johanna E. Markind, an attorney for the United States Parole Commission

("USPC") that a detainer was placed against Bolt on September 4, 2009, and that it remains active.

On September 17, 2007, a Petition to Revoke Supervised Release was filed based on the alleged criminal conduct in Florida and the United States District Court for the District of Arizona issued a Warrant for Arrest of Bolt in Case No. 01-CR-345-002-TUC-FRZ for "violation of supervised release imposed by the Honorable Frank R. Zapata on February 7, 2002[.]"

On March 29, 2010, Bolt filed a Petition for Writ of Mandamus seeking to compel the United States Parole Commission ("USPC") to conduct a disposition review of a detainer and to conduct a disposition revocation hearing. The USPC has filed a response.

*Writ of Mandamus*

The Court has jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is appropriate when an official's duty to act is ministerial in nature and so plain as to be free from doubt." *Soler v. Scott*, 942 F.2d 597, 602 (9th Cir. 1991), *vacated on other grounds*. However, "[t]he extraordinary remedy of mandamus under 28 U.S.C. §1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988), *quoting Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *Oregon Natural Resources Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995) (mandamus only appropriate where plaintiff's claim is clear and certain, defendant's duty is ministerial and so plainly prescribed as to be free from doubt, and no other adequate remedy is available).

In determining whether a writ of mandamus should be granted, a court is to consider whether:

> (1) the party seeking the writ has no other means, such as a direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not correctable on appeal, (3) the [] court's order is clearly erroneous as a matter of law, (4) the order is

- 2 -

an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems, or issues of law of first impression.

*Cole v. U. S. District Court for the District of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004). A petitioner seeking mandamus relief has "the burden of showing that his right to issuance of the writ is clear and indisputable." *Kerr v. U.S. District Court for N. District of California*, 426 U.S. 394 (1976), *citations omitted*.

Bolt asserts that, once a detainer has been placed against an alleged violator, the detainer is to be reviewed by the commission within 180 days of notification to commission of placement. 18 U.S.C. § 4214(b)(1). Bolt argues that the warrant issued pursuant to § 4213 may be placed against him as a detainer, which triggered the 180 requirement. Bolt asserts that the USPC has shirked its duty to review. Bolt also asserts that a parole revocation hearing must be conducted upon a prisoner's return to federal custody or upon completion of 24 months in confinement on the state charges, whichever is earlier. 28 C.F.R. § 2.47(b)(1); *Hopper v. U.S. Parole Commission*, 702 F.2d at 845; *Heath v. Parole Commission*, 788 F.2d at 91. Bolt points out that the uncertainty created by unreasonable delay of unresolved parole violator detainers can have a destructive impact on an inmate's institution performing and progress. *Donn v. Baer*, 828 F.2d 487 (9th Cir. 1987); *see also Spotted Baer v. McCall*, 648 F.2d 546, 547-48 (9th Cir. 1980) ("effect of Federal Detainer on the inmate's eligibility for rehabilitative programs was prejudicial . . . .")

However, Bolt has not shown that the USPC has jurisdiction over his case. The current federal sentencing regimen, which applies to all federal sentences for crimes that occurred on or after November 1, 1987, does not make sentences parole eligible. *See* Sentencing Reform Act, part of the Comprehensive Crime Control Act of 1984, Pub.L. 98-473, title II, ch. 2, § 218(a)(5), October 12, 1984, 98 Stat. 2027; Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, 99 Stat. 1728. Because Bolt was sentenced under the post-November 1, 1987, system on February 7, 2002, to serve 37 months' incarceration followed by three years of supervised release, the USPC does not have

- 3 -

jurisdiction over Bolt or his sentence. Rather, decisions regarding supervised release are made by the court with the assistance of its probation office. *See, e.g., Gozlon-Peretz v. United States*, 498 U.S. 395, 401 (1991); *Rich v. Maranville*, 369 F.3d 83, 87 (2d Cir.2004) ("[S]upervised release is administered by the judicial branch and not the Parole Commission."), *citations omitted*; *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (parole was replaced by supervised release in which "the sentencing court rather than the Parole Commission oversees the defendant's postconfinement monitoring"); *Cuomo v. Barr*, 7 F.3d 17, 18 (2d Cir.1993) ("Under the federal 'supervised release' program, the sentencing court, rather than the U.S. Parole Commission, sets the terms of postconfinement monitoring."). Additionally, the Markind declaration confirms that, other than information collected in the course of this litigation, the USPC Commission does not maintain a parole file for Bolt.

The Court finds that the extraordinary remedy of mandamus is not appropriate because Bolt has not shown that the USPC has a clear nondiscretionary duty to conduct a disposition review of a detainer and/or to conduct a disposition revocation hearing.

Accordingly, IT IS ORDERED:

1. The Petition for Writ of Mandamus is DENIED and this matter is DISMISSED WITH PREJUDICE.

2. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 16th day of September, 2010.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -